**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5514-16T3

WORLD SAVINGS BANK

    Plaintiff-Respondent,

v.

RUSS BADDOUCH, his heirs,
devisees, and personal
representatives and his/her,
successors in right, title and
interest, MRS. BADDOUCH, wife
of RUSS BADDOUCH, her heirs,
devisees, and personal
representatives and his/her,
their, or any of their successors
in right, title and interest,

    Defendants.

_____

          Submitted November 5, 2018 – Decided November 16, 2018

          Before Judges Haas and Mitterhoff.

          On appeal from Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-023928-07.

          Blumie P. Baddouch, appellant pro se.

Reed Smith, LLP, attorneys for the respondent (Henry
F. Reichner, of counsel and on the brief).

PER CURIAM

In this residential foreclosure action, non-party appellant Blumie P. Baddouch[1] appeals from the trial court's order denying her motion to vacate the sheriff's sale, expunge the sheriff's deed, vacate the final judgment, and dismiss the complaint. We affirm.

On March 7, 2003, appellant and her husband Daniel Baddouch executed a note to plaintiff World Savings Bank in the sum of $224,188.00 payable over a period of 360 months. To secure the payment on the note, they executed a mortgage against a residential property in Lakewood, New Jersey, which was recorded on April 2, 2003. On March 25, 2003, appellant and her husband conveyed their interest in the property to B and A Nutritionals, Inc. The deed reflecting this conveyance was recorded on May 5, 2003. Also on March 25, 2003, B and A Nutritionals, Inc. conveyed its interest in property, subject to the mortgage, to defendant Russ Baddouch. The deed reflecting this conveyance was recorded on December 23, 2004.

---

[1] Appellant's husband, Daniel Baddouch, filed motions to stay the sheriff's sale and eviction in the trial court, but did not join appellant in her motion to vacate the final judgment of foreclosure and sheriff's sale. Therefore, only appellant is participating in this appeal.

2

A-5514-16T3

The loan went into default with the May 15, 2007 monthly payment, and the default was never cured. On September 12, 2007, plaintiff filed a foreclosure complaint, naming as defendants Russ Baddouch, the then-owner of the mortgaged property, and Mrs. Russ Baddouch. On December 3, 2007, plaintiff mailed notice to cure, pursuant to the New Jersey Fair Foreclosure Act, to Russ Baddouch and Mrs. Russ Baddouch.

On January 28, 2008, plaintiff applied for an uncontested final judgment of foreclosure. On April 4, 2008, the clerk's office rejected this application and sent a return notice to plaintiff stating: "Debtors are Daniel and Blumie Baddouch. Notice to cure must be sent to them unless plaintiff can certify [they are] no longer debtors in their records." On April 14, 2008, plaintiff's attorney certified: "Daniel Baddouch and Blumie P Baddouch have not been included in this action as party defendants as they conveyed all right, title and interest in the property prior to the institution of this action and plaintiff does not intend to pursue a deficiency action against said persons." The trial court then entered a final judgment and writ of execution on April 24, 2008.

A sheriff's sale was scheduled for August 26, 2008, but Daniel Baddouch secured an order dated August 22, 2008, staying the sale until September 22, 2008. Daniel Baddouch and Blumie Baddoch then filed nine federal bankruptcy

petitions from August 29, 2008 to November 30, 2015, all of which were dismissed. The mortgaged property was sold at a sheriff's sale on August 16, 2015.

On May 2, 2017, the trial court denied a motion to stay eviction filed by Daniel Baddouch. On June 5, 2017, appellant filed a pro se motion to vacate the sheriff's sale, expunge the sheriff's deed, vacate the final judgment, and dismiss the complaint pursuant to Rule 4:50-1(d) and (f). The trial court denied the motion on July 7, 2017. In its order denying the motion, the trial court found that appellant and her husband were not required to be made parties to the foreclosure action, because they had conveyed their interest in the mortgaged property, and because plaintiff was not seeking a deficiency judgment against them.

On appeal, appellant raises the following point for our review:

> Point 1 – The [t]rial [c]ourt erred and abused its discretion in refusing to vacate the [s]heriff's [s]ale and default judgment under Rule 4:50(a), (b), (c), (d) and (f).

Having review the record in light of the applicable legal principles, we affirm for substantially the same reasons expressed in the trial court's order. We add only the following comments.

A-5514-16T3

In general, "[t]he trial court's determination under [Rule 4:50-1] warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (citations omitted). Further, relief under Rule 4:50-1(f) should be granted only when "truly exceptional circumstances are present." Id. at 484 (quoting Hous. Auth. of Town of Morristown v. Little, 135 N.J. 274, 286 (1994)). Likewise, a court should exercise its discretion to set aside a foreclosure sale only to correct a plain injustice. See First Tr. Nat'l Assoc. v. Merola, 319 N.J. Super. 44, 49 (App. Div. 1999) (citation omitted) ("[T]he exercise of this power [to set aside a sheriff's sale] is discretionary and must be based on considerations of equity and justice.").

Appellant argues that the final judgment of foreclosure and sheriff's sale should be vacated because plaintiff did not name appellant or her husband in the foreclosure complaint and did not provide them with adequate notice of the foreclosure. As a non-party to the foreclosure action, however, appellant lacked standing to seek to vacate the judgment under Rule 4:50-1, which is limited to "a party or the party's legal representative." The trial court correctly found that appellant and her husband were not necessary parties to the foreclosure action, because they had conveyed their interest in the mortgaged property and could

5

no longer redeem the property.  See Mut. Sav. Fund Harmonia v. Gunne, 110 N.J.L. 41, 54 (1933) (E & A 1933) ("The rule has long been settled that the maker of a bond secured by mortgage on property owned by him, and who has conveyed away the property absolutely, is not a necessary party to a foreclosure of the mortgage, though the complainant may join him as a party."). Additionally, appellant and her husband were not necessary parties to the foreclosure action, because plaintiff waived the right to assert a deficiency judgment against them.  See N.J.S.A. 2A:50-2 ("No action shall be instituted against any person answerable on the bond or note unless he has been made a party in the action to foreclose the mortgage.").

Moreover, even if appellant had standing, she asserts no meritorious grounds for relief under Rule 4:50-1.  Appellant did not raise any claims under subsections (a), (b), and (c) to the trial court and far exceeded the one-year time frame from the entry of judgment required for a motion under these subsections. R. 4:50-2.  Appellant does not present any basis that the foreclosure judgment was void necessitating relief under Rule 4:50-1(d) or any exceptional circumstances necessitating relief under Rule 4:50-1(f).  Additionally, motions under Rule 4:50-1(d) and Rule 4:50-1(f) must be made "within a reasonable time."  R. 4:50-2; see also Bascom Corp. v. Chase Manhattan Bank, 363 N.J.

6

Super. 334, 340 (App. Div. 2003) ("R. 4:50-2 . . . requires all motions under R. 4:50-1 to be brought within a reasonable time.").  In this case, appellant was aware of the foreclosure action since at least August 2008, when her husband successfully filed for a stay of the sheriff's sale, but did not file a motion to vacate the final judgement of foreclosure until nearly nine years later.

For these reasons, the trial court did not abuse its discretion in refusing to vacate the final judgment of foreclosure and sheriff's sale.  The remaining arguments raised by appellant are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5514-16T3